**PASS WORD, INC. and Rodney J. Bacon d/b/a Coeur d'Alene Answering Service, Appellants,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Estate of Jennings B. Bacon, Intervenor.**

**No. 81–1712.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 17, 1982.

Decided April 2, 1982.

**1364**

Harold David Cohen, Washington, D. C., with whom Jack N. Goodman, Henry A. Solomon, and John M. Pelkey, Washington, D. C., were on the brief for appellants.

Lisa B. Margolis, Counsel, F. C. C., Washington, D. C., for appellee. Stephen A. Sharp, Gen. Counsel, Daniel M. Armstrong, Associate Gen. Counsel, and Gregory M. Christopher, Counsel, F. C. C., Washington, D. C., were on the brief for appellee.

Thomas H. Wall and Alan C. Campbell, Washington, D. C., were on the brief for intervenor.

Before BAZELON, Senior Circuit Judge, MacKINNON and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellants, Pass Word, Inc. and Rodney J. Bacon d/b/a Coeur d'Alene Answering Service ("CDA"), held licenses in the Domestic Public Land Mobile Radio Service. Sole owner of CDA, Rodney J. Bacon owns 49.5% of Pass Word's stock and is its president and chief operating officer. The Federal Communications Commission ("FCC" or "Commission") revoked appellants' licenses based on a series of deliberate misrepresentations Bacon made in forms, corre-

spondence, and pleadings over a three-year period. Our review of the record and consideration of appellants' arguments persuade us that the Commission's action must be affirmed.

Bacon concedes that he made numerous material misrepresentations in official communications to the Federal Communications Commission, including applications for additional facilities and construction permits.[1] After a competing applicant for the additional facilities brought Bacon's misrepresentations to the FCC's attention, the Commission entered an order requiring appellants to show cause why their operating licenses should not be revoked. Waiving their right to a hearing, appellants conceded the multiple misrepresentations and filed a mitigation statement. The statement urged that, in light of circumstances surrounding the misrepresentations, the economic repercussions on Bacon and his family, appellants' meritorious service record, and the impact on appellants' customers, a sanction less stringent than license revocation was required. Finding that Bacon's repeated misrepresentations were knowing and deliberate, and that the factors proffered by appellants did not mitigate the "flagrant ... disregard of licensee responsibility," the Commission ordered revocation of appellants' licenses as "the only appropriate remedy." *Pass Word, Inc.*, 76 F.C.C.2d 465, 519 (1980).[2]

Appellants challenge the FCC's action on several grounds. First, they claim that the Commission violated the separation of functions requirement of the Administrative Procedure Act, 5 U.S.C. § 554(d). They charge that the same staff members who investigated the allegations against appellants drafted the statements recommending revocation and denial of reconsideration, statements the FCC adopted as its decisions. Appellants first raised this ob-

---

1. Illustrative of Bacon's false representations, he fabricated a traffic load study showing units in service on channels not yet constructed. *See Pass Word, Inc.*, 76 F.C.C.2d 465, 504-05 (1980).

2. 47 U.S.C. § 312(a) authorizes license revocation for "knowingly made" false statements of the kind Bacon supplied to the Commission. *See also* 18 U.S.C. § 1001 (knowing false statement to federal agency is punishable by fine of not more than $10,000 or imprisonment of not more than five years, or both).

jection in their April 1980 Petition for Partial Reconsideration, when alteration of the mode of proceeding in this case was impossible. However, appellants previously knew or should have known, particularly after the Commission's decision in *Mullin, Connor & Rhyne,* 41 Rad.Reg (P&F) 1681 (1977), that it is the FCC's general practice not to require separation of functions after a waiver of hearing. *See also Amendments of Part I of the Commission's Rules Concerning Revocation and Cease and Desist Proceedings,* 25 Fed.Reg. 12602 (1960). Failure to interpose a timely challenge to the Commission's routine and published mode of proceeding precludes appellants from prevailing on this point. *See International Paper Co. v. FPC,* 438 F.2d 1349, 1357 (2d Cir.), *cert. denied,* 404 U.S. 827, 92 S.Ct. 61, 30 L.Ed.2d 56 (1971).

Appellants also claim that the revocation order rests upon the Commission's finding that the misrepresentations were part of a plan preconceived by Bacon to delay construction of the additional facilities. Appellants assert that nothing in the record warrants characterization of Bacon's multiple written misrepresentations as premeditated. Our reading of the Commission's decisions does not support appellants' contention that premeditation was the pivotal concern. Rather, the decisions indicate that revocation was ordered because the FCC found that Bacon had made a series of *knowing*

*and deliberate* material misrepresentations to the agency.[3] We therefore need not inquire whether, had the Commission identified premeditation as critical to its decision, such a finding would have been supported by substantial evidence.

■ Finally, appellants assert that the FCC abused its discretion by refusing to consider lesser sanctions or evidence of mitigating circumstances. Again, we believe appellants misconstrue the FCC's decisions. The Commission did consider both the proffered mitigating circumstances and the proposed lesser sanctions. On the facts of this case, however, the Commission viewed revocation as the appropriate sanction. We cannot conclude, in view of Bacon's course of conduct, his repeated knowing and deliberate misrepresentations to the agency, that the FCC's order revoking appellants' operating licenses was an abuse of discretion.

For the foregoing reasons, the decisions of the Federal Communications Commission on review are

*Affirmed.*

---

3. *See supra* note 2.